IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WOLVERINE CONSTRUCTION,
INC., *et al.*,
    *Plaintiffs*,

v.

ARGONAUT INSURANCE
COMPANY,
    *Defendant*.

Civil Action No. ELH-12-2803

## MEMORANDUM OPINION

By Order dated February 13, 2013 (ECF 10), I granted the unopposed motion to dismiss filed by defendant Argonaut Insurance Company ("Argonaut") (ECF 7). Thereafter, on March 13, 2013, plaintiffs Wolverine Construction Inc. ("Wolverine") and its shareholder, Robert J. Zimmerman, filed a motion for reconsideration (ECF 11), along with an accompanying memorandum (ECF 11-1, "Pla. Mem."), which defendant opposed (ECF 12, "Opp."). As explained below, I will grant the motion for reconsideration. Although I again conclude that dismissal of plaintiffs' complaint is proper, I will grant plaintiffs leave to amend.

### Background

Because the procedural history of this suit is recounted in this Court's Order of February 13, 2013 (ECF 10), I will only briefly review the background. On August 10, 2012, plaintiffs filed suit in the Circuit Court for Baltimore County against Argonaut, Wolverine's alleged surety in connection with a construction project. ECF 2 (the "Complaint"). In the Complaint, the project is identified as the "Evangel Cathedral, Inc." project, for which Wolverine served as the general contractor. *Id.* ¶¶ 4, 9. Mr. Zimmerman held an ownership interest in Wolverine and

allegedly took over Wolverine's day-to-day operations after the company's president passed away. *See id.* ¶¶ 7, 10. Argonaut removed the case to this Court on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a); 1441; *see also* Notice of Removal (ECF 1).[1]

Plaintiffs' claims arise out of Argonaut's alleged decision to "terminate[ ] Wolverine's bonding capacity." Complaint ¶ 17. Plaintiffs assert two counts: "Breach of Contract" (Count One) and "Fraud and Deceit" (Count Two). *See* Complaint ¶¶ 24-29. In response, Argonaut filed a "Motion to Dismiss, or Alternatively, for a More Definite Statement" (ECF 7), pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, asserting that the Complaint failed to state a claim upon which relief can be granted and that it is so vague and ambiguous that Argonaut cannot reasonably prepare a response. Plaintiffs, who have been represented by counsel from the outset, did not oppose the motion. For the reasons set forth in ECF 10, I granted defendant's motion to dismiss, without prejudice. ECF 10 at 3-4 (citing, *inter alia*, *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (when plaintiff fails to oppose a motion to dismiss, a court is "entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted" in the motion)).

In dismissing the suit, I said: "I am inclined to agree with Argonaut that plaintiffs' pleading is vague to the point of inscrutability." *Id.* at 3. I also granted plaintiffs 28 days to file a motion for reconsideration, pursuant to Fed. R. Civ. P. 60(b)(6), to include a response in opposition to defendant's motion to dismiss. *Id.* at 4.

---

[1] Wolverine is a Maryland corporation with its principal place of business in Maryland, and Mr. Zimmerman is a Maryland citizen. Argonaut is an Illinois corporation with its principal place of business in Texas. *See* 28 U.S.C. § 1332(c)(1). Plaintiffs seek damages of $8 million, satisfying the amount-in-controversy requirement.

Plaintiffs filed a timely motion for reconsideration, ECF 11, to which defendant responded. ECF 12. The time has passed for plaintiffs to file a reply. *See* Local Rule 105.2(a), Fed. R. Civ. P. 6. The Motion is now ripe for decision, and no hearing is necessary to resolve it. *See* Local Rule 105.6.

Relief under Rule 60(b)(6) should be invoked only in "extraordinary circumstances." *See Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011); *see also, e.g.*, *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d, 396 403 (4th Cir.1998), *cert. denied*, 525 U.S. 1104 (1999) ("reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly") (citation omitted). Although the circumstances as to plaintiffs' failure to oppose the motion to dismiss beg for an explanation, plaintiffs' motion for reconsideration provides no reason as to why plaintiffs failed to oppose defendant's motion. ECF 11. In granting defendant's motion to dismiss, I observed: "I can only assume that plaintiffs concede that their Complaint is deficient for the reasons stated by defendant." ECF 10 at 4.

In any event, in moving for reconsideration, plaintiffs maintain that the Complaint's allegations are sufficient to avoid dismissal. In the interests of justice, I will grant plaintiffs' motion for reconsideration. And, because the parties have briefed the merits of the motion to dismiss, I will consider whether the claims survive dismissal under Rule 12(b)(6) and 12(e).

Regarding the issue of the Complaint's sufficiency, plaintiffs maintain that because the allegations provide sufficient notice to defendant of their claims, dismissal is unwarranted. *See* Pla. Mem. at 1-2. In plaintiffs' view, the Complaint states a cognizable breach of contract claim, by alleging that Argonaut and Wolverine entered into a contract that Argonaut breached by failing to honor its bonding obligations. *See id.* at 4. The allegations of fraud, plaintiffs further

state, are sufficient because the Complaint specifies a time period during which the fraudulent statements were made, the person to whom they were made, the contents of the misrepresentations, and that "the misrepresentation was made by Argo." *See id.* at 6-7. As alternative relief, plaintiffs request leave to file an amended complaint. *Id.* at 7-8.

In its Opposition, ECF 12, defendant builds upon arguments found in the original motion to dismiss. *See* ECF 7. Regarding Count One, Argonaut notes that plaintiffs fail to specify the contract they claim was breached, do not state whether the purported contract is written or oral, and do not specify the terms allegedly breached. Opp. at 2. Further, defendant argues that no "bonding capacity agreement" exists and that the only relevant contract is a General Indemnity Agreement, which is the subject of another federal suit.[2] *Id.* at 3 & Exh. A (General Indemnity Agreement). According to Argonaut, because plaintiffs failed to timely assert these claims as mandatory counterclaims in that separate suit, plaintiffs' claims are barred under Fed. R. Civ. P. 13(a)(1)(A). *See id.* at 4-8. As for Count Two, Argonaut argues that the Complaint fails to meet the heightened pleading standard for fraud claims applicable under Rule 9(b) of the Federal Rules of Civil Procedure. *See id.* at 8-11.

**Discussion**

The purpose of a motion to dismiss is to test the sufficiency of the complaint. *See McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010); *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than

---

[2] That suit is *Argonaut Insurance Company v. Wolverine Construction, Inc.*, Case No. 1:11-cv-02741, pending before Judge Quarles. *See id.* at 2.

a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted); *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

In order to survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . .") (citation omitted); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### 1. Count One - Breach of Contract[3]

As plaintiffs acknowledge, *see* Pla. Mem. at 3-4, "[t]o prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and

---

[3] The law of the forum state, Maryland, guides this Court's choice-of-law analysis. *See CACI Int'l., Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009). Contract claims are ordinarily governed by the law of the state where the contract was made ("*lex loci contractus*"), unless the parties to the contract agreed to be bound by the law of another jurisdiction. *See, e.g.*, *Am. Motorists Ins. Co. v. ARTRA Group, Inc.*, 338 Md. 560, 573, 659 A.2d 1295, 1301 (1995). Here, it appears that the alleged contract would have been formed in Maryland, and thus Maryland law would apply. *See* Complaint ¶ 7.

that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175, 776 A.2d 645, 651 (2001). In other words, "[i]t is the parties' agreement that ultimately determines whether there has been a breach." *Mathis v. Hargrove*, 166 Md. App. 286, 318-19, 888 A.2d 377, 396 (2005). Accordingly, to survive a motion to dismiss a breach of contract claim, a complaint must "allege with certainty and definiteness facts showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by the defendant." *Robinson v. GEO Licensing Co., L.L.C.*, 173 F. Supp. 2d 419, 423 (D. Md. 2001) (citations omitted).

Here, the Complaint does not sufficiently allege any contractual obligation of Argonaut, let alone that such an obligation was breached. It refers to a "bonding capacity agreement" that Wolverine and Argonaut purportedly entered into, but offers no further details about the nature, terms, or timing of that contract. *See* Complaint ¶ 13. Instead, the Complaint alleges only that plaintiffs "negotiated bonding capabilities" with Maryland agents of Argonaut, which, "for substantial considerations, became the surety for" Wolverine and issued bonds through its Maryland agent. *Id.* ¶¶ 7-8. Plaintiffs now indicate that the contract allegedly breached was a written agreement, in Argonaut's possession, ECF 11 at 1-2, but " '[i]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.' " *Sager v. Hous. Comm'n of Anne Arundel County*, 855 F. Supp. 2d 524, 557 (D. Md. 2012) (quoting *Arbitraje Casa de Cambio, S.A. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003)). More to the point, the Complaint contains vague, generalized allegations concerning a course of dealing, but falls well short of pleading sufficient detail about a contract and an alleged breach to render their claim plausible. *See Twombly*, 550 U.S. at 570. Dismissal is warranted.

## 2. Count Two – Fraud and Deceit

The dismissal of plaintiffs' fraud claim is also warranted. Claims sounding in fraud implicate the heightened pleading standard of Fed. R. Civ. P. 9(b), which states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *See, e.g.*, *E-Shops Corp. v. U.S. Bank N.A.*, 678 F.3d 659, 665 (8th Cir. 2012) ("Rule 9(b)'s heightened pleading requirement also applies to statutory fraud claims.").

Under Rule 9(b), a plaintiff alleging claims that sound in fraud " 'must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.' " *United States ex rel. Owens v. First Kuwaiti Gen'l Trading & Contracting Co.*, 612 F.3d 724, 731 (4th Cir. 2010) (citation omitted). In other words, " 'Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story.' " *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011) (citation omitted).

The fraud claim does not meet this standard. Plaintiffs concede that the Complaint fails to identify who made the purportedly fraudulent statements on behalf of Argonaut, while adding that the specific individual could be identified in an amended pleading. Pla. Mem. at 2-3. Furthermore, the Complaint contains only generalized allegations that Argonaut, at some unspecified time over a multiyear period during which the Evangel Cathedral project was being completed, received "confirmation," of unspecified content, from some unidentified person on behalf of Argonaut, indicating that Argonaut would continue as the surety on the Evangel Cathedral, Inc. project. *See* Complaint ¶¶ 13-14. The fraud allegations rely in part on

Argonaut's purported contractual obligations to Wolverine, which, as noted, are not plausibly alleged in the Complaint. *See id.*[4]

### 3. Leave to Amend

Plaintiffs request leave to file an amended complaint. *See* Pla. Mem. at 7-8. At this stage, amendment is not allowed as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) provides: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice requires." Given that plaintiffs have never amended the Complaint, and because it is not clear at this juncture that amendment would be futile, I will grant leave to file an amended complaint.[5]

### Conclusion

For the foregoing reasons, plaintiffs' motion for reconsideration (ECF 11) is granted. However, I conclude that dismissal of the Complaint is warranted and grant plaintiffs 21 days from the entry of this Order to file an amended complaint. A separate Order, consistent with this Memorandum Opinion, follows.

Date: October 18, 2013　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　Ellen Lipton Hollander
　　　　　　　　　　　　　　　　　　　United States District Judge

---

[4] Because I find that dismissal of the Complaint is warranted under Rule 12, I need not reach defendant's others arguments, including that plaintiffs' claims are barred under Fed. R. Civ. P. 13(a)(1)(A). *See* Opp. at 4-8. Defendant, of course, remains free to renew that argument in the event that plaintiffs file an Amended Complaint.

[5] Among other things, an amended complaint could clarify whether there exists any additional agreement between the parties, beyond the General Indemnity Agreement that Argonaut has cited, and, if the General Indemnity Agreement is the only such contract, why it provides grounds for the relief that plaintiffs seek. *See* Opp. at 3 & Exh. A.